UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

KUEHNE + NAGEL INC.,

    Plaintiff,

v.                                                         Case No.: 1:22-cv-22939

ABSA AEROLINHAS BRASILEIRAS S.A. INC., LAN CARGO S.A., and LATAM AIRLINES GROUP S.A. INC.,

    Defendants.

_____/

## COMPLAINT

**COMES NOW**, Plaintiff, KUEHNE + NAGEL INC. (hereinafter referred to as "Plaintiff" and/or "K+N"), by and through its undersigned counsel, and files its Complaint against Defendants, ABSA AEROLINHAS BRASILEIRAS S.A., LAN CARGO S.A., and LATAM AIRLINES GROUP S.A. INC., (hereinafter "Defendants" and/or "LATAM"), alleges upon information and belief as follows:

### PARTIES, JURISDICTION, AND VENUE

1.    Plaintiff, KUEHNE + NAGEL INC., was and is a New York corporation, with its principal place of business in New Jersey, and was a party to Defendant's air waybill that is the subject of the instant transaction. As such, it is entitled to bring and has standing to maintain the instant action.

2.    At all material times, Defendant, ABSA AEROLINHAS BRASILEIRAS S.A. INC., is a foreign corporation or business entity organized and existing under and by virtue of laws of a foreign nation, and/or is a carrier or transportation service provider for carriage of goods by air for hire. ABSA AEROLINHAS BRASILEIRAS S.A. operates routes in this District, otherwise

1

does business in this District, maintained a registered agent in this District, and issued the subject air waybill in this District.

3. At all material times, Defendant, LAN CARGO S.A., is a foreign corporation or business entity organized and existing under and by virtue of laws of a foreign nation, and/or is a carrier or transportation service provider for carriage of goods by air for hire. LAN CARGO S.A. operates routes in this District, otherwise does business in this District, and maintained a registered agent in this District.

4. At all material times, Defendant, LATAM AIRLINES GROUP S.A. INC., is a foreign corporation or business entity organized and existing under and by virtue of laws of a foreign nation, and/or is a carrier or transportation service provider for carriage of goods by air for hire. LATAM AIRLINES GROUP S.A. INC. operates routes in this District, otherwise does business in this District, and maintained a registered agent in this District.

5. This Court has subject matter jurisdiction under 28 U.S.C. 1331 for federal question under the Montreal Convention and/or 28 U.S.C. 1332 for diversity jurisdiction over the claims for breach of contract and/or air waybill and indemnity because those claims are between citizens of different states and the amount in controversy exceeds $75,000.00.

6. The Court also can exercise concurrent, supplemental jurisdiction over the breach of contract and indemnity claims because those claims form part of the same case or controversy among the Parties as the Montreal Convention claim.

7. Defendants are subject to the jurisdiction of this Court by virtue of their acts and omissions and breach of contract in the instant forum, and by causing economic injury in the instant forum. Further, said Defendants conduct business in the instant forum on a continuous and

systematic basis by virtue of its transportation and logistic services which are performed in the instant form, including the LATAM air waybill that is the subject of the instant matter.

8. Venue is proper under 28 U.S.C. 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred within this judicial district and division.

9. Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignments, as their respective interests may ultimately appear, and Plaintiff is entitled to maintain this action.

10. The Plaintiff timely submitted written notification of loss; has complied with all conditions precedent to the bringing of this action; or said conditions have been met, waived, or excused.

## FACTUAL BACKGROUND

11. K+N is a logistics service provider that assists in the arrangement of the transportation of freight on behalf of its customers.

12. Non-Party, Baker Hughes, is a customer for which K+N provided services on an ongoing basis.

13. In or about September 2020, K+N undertook to provide such logistics services as an air freight forwarder and/or indirect air carrier within the meaning and context of the Montreal Convention by preparing a house air waybill and retaining the services of Defendant, LATAM, as an underlying direct air carrier to perform the physical movement of the Cargo.

14. The underlying direct air carrier, LATAM, issued Master Air Waybill 549-MIA-28452830 for the international air transportation of a shipment goods alleged owned by Baker Hughes that was claimed to be in good order and condition, and was delivered to LATAM, and/or

its agents, in or around Miami, Florida for transportation to Rio de Janeiro, Brazil, and in consideration of an agreed upon freight, with no exceptions noted thereon.

15. LATAM failed to ensure that the security manifest for the subject shipment travelled with the cargo, and as a result, the cargo was seized by customs authorities at destination in Brazil.

16. Baker Hughes interposed a claim as against K+N as the cargo was not delivered to the intended consignee. Baker Hughes' has asserted claims for damages to K+N for damages in excess of $1,700,000.00.

17. Accordingly, K+N brings the instant indemnity action against LATAM as it is responsible for the alleged damages and loss of the cargo.

18. As a result of Defendant's acts, omissions, and breaches, Plaintiff is subject to damage claims in in excess of $1,700,000.00 USD and Plaintiff reserves the right to amend this amount as purported claims and charges continue to accrue given Defendant's improper handling of the subject shipment.

19. The allegations stated herein are without prejudice to K+N's defense and denials of the claim that is the subject of the above-referenced dispute that it is not liable to Baker Hughes.

20. K+N in the alternative presents this action as agent for Baker Hughes the cargo owner and shipper.

## COUNT I – MONTREAL CONVENTION

21. Plaintiff realleges and repeats paragraphs 1-20 as if set forth herein at length and alleges further that:

22. On or about September 2020, LATAM contracted and agreed to deliver said cargo from Miami, Florida to Rio de Janeiro, Brazil in the same condition as received and as evidence of that agreement issued Master Air Waybill 549-MIA-28452830.

23. However, LATAM failed to ensure that the security manifest for the subject shipment travelled with the cargo, and as a result, the cargo was seized by customs authorities at destination in Brazil.

24. In turn, LATAM breached the contract of carriage by failing to deliver the cargo to the consignee at destination in the same condition as received in violation of the Montreal Convention, to the extent the Montreal Convention is applicable to the instant facts.

25. As a direct and proximate result thereof, Plaintiff has been damaged in amounts in excess of $1,700,000.00 USD plus related fees, charges, and expenses. Plaintiff reserves the right to amend this amount.

**WHEREFORE**, for each of the reasons set forth above, Plaintiff, KUEHNE + NAGEL INC., respectfully requests that judgment be entered against Defendants, ABSA AEROLINHAS BRASILEIRAS S.A. INC., LAN CARGO S.A., and LATAM AIRLINES GROUP S.A. INC, in favor of Plaintiff in an amount in excess of $1,700,000.00 USD, or as otherwise determined by this Court together with prejudgment interest, costs, attorney's fees, and such other relief as this Court may deem just and proper.

## COUNT II – BREACH OF CONTRACT – AIR WAYBILL

26. Plaintiff realleges and repeats paragraphs 1-20 as if set forth herein at length and alleges further that:

27. On or about September 2020, LATAM contracted and agreed to deliver said cargo from Miami, Florida to Rio de Janeiro, Brazil in the same condition as received and as evidence of that agreement issued Master Air Waybill 549-MIA-28452830.

28. However, LATAM failed to ensure that the security manifest for the subject shipment travelled with the cargo, and as a result, the cargo was seized by customs authorities at destination in Brazil.

29. In turn, LATAM breached the contract of carriage by failing to deliver the cargo to the consignee at destination in the same condition as received.

30. As a direct and proximate result thereof, Plaintiff has been damaged in amounts in excess of $1,700,000.00 USD plus related fees, charges, and expenses. Plaintiff reserves the right to amend this amount.

**WHEREFORE**, for each of the reasons set forth above, Plaintiff, KUEHNE + NAGEL INC., respectfully requests that judgment be entered against Defendants, ABSA AEROLINHAS BRASILEIRAS S.A. INC., LAN CARGO S.A., and LATAM AIRLINES GROUP S.A. INC, in favor of Plaintiff in an amount in excess of $1,700,000.00 USD, or as otherwise determined by this Court together with prejudgment interest, costs, attorney's fees, and such other relief as this Court may deem just and proper.

## COUNT III – NEGLIGENCE

31. Plaintiff realleges and repeats paragraphs 1-20 as if set forth herein at length and alleges further that:

32. LATAM owed a duty to Plaintiff and/or the cargo interest to carry, bail, keep and care for, protect, and deliver the subject shipment in the same good order and condition as at the time Defendant first accepted custody and control of the goods.

33. LATAM breached and was negligent in its duty to carry, bail, keep and care for, protect, and deliver the subject shipment in the same good order and condition as at the time Defendant first accepted custody and control of the goods.

34. Without prejudice to K+N's defenses, LATAM's failure to ship the cargo with the requisite cargo manifest on behalf of Plaintiff and/or the cargo interest was an error independent of air carriage and as such reflects LATAM failing to act with due care.

35. As a direct and proximate result of the negligence of LATAM, Plaintiff has been damaged in amounts in excess of $1,700,000.00 USD plus related fees, charges, and expenses. Plaintiff reserves the right to amend this amount.

**WHEREFORE**, for each of the reasons set forth above, Plaintiff, KUEHNE + NAGEL INC., respectfully requests that judgment be entered against Defendants, ABSA AEROLINHAS BRASILEIRAS S.A. INC., LAN CARGO S.A., and LATAM AIRLINES GROUP S.A. INC, in favor of Plaintiff in an amount in excess of $1,700,000.00 USD, or as otherwise determined by this Court together with prejudgment interest, costs, attorney's fees, and such other relief as this Court may deem just and proper.

## COUNT IV – INDEMNITY

36. Plaintiff realleges and repeats paragraphs 1-20 as if set forth herein at length and alleges further that:

37. Defendant undertook certain obligations as set forth above for due consideration.

38. Defendant would have breached its obligations by failing to deliver the subject shipment to the consignee in the same good order and condition.

39. Baker Hughes brought a claim against Plaintiff in regard to the subject shipment and alleged damages.

40. In the event that Plaintiff is found liable to an interested party, such damage resulted from the breaches of contract, warrant, or standard of care (statutory or otherwise); and/or other wrongful acts on the part of Defendant, which entitle Plaintiff to the recovery of reasonable attorney's fees and costs, as well as indemnification and/or contribution.

41. Plaintiff has incurred and will incur attorney's fees in this matter.

**WHEREFORE**, for each of the reasons set forth above, Plaintiff, KUEHNE + NAGEL INC., respectfully requests that judgment be entered against Defendants, ABSA AEROLINHAS BRASILEIRAS S.A. INC., LAN CARGO S.A., and LATAM AIRLINES GROUP S.A. INC, in favor of Plaintiff in an amount in excess of $1,700,000.00 USD, or as otherwise determined by this Court together with prejudgment interest, costs, attorney's fees, and such other relief as this Court may deem just and proper.

Dated: September 14, 2022

Respectfully submitted,

**SPECTOR RUBIN, P.A.**

By:  */s/ Andrew Spector*
Andrew R. Spector, Esq. (FBN: 634093)
Spencer J. Wellborn (FBN: 117999)
Continental Plaza
3250 Mary Street, Suite 405
Miami, Florida 33133
Tel: 305.537.2000
Fax: 305.537.2001
andrew.spector@spectorrubin.com
spencer.wellborn@spectorrubin.com

***Attorneys for Plaintiff, Kuehne + Nagel Inc.***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed this 14th day of September, via the Court's CM/ECF system, which shall notify all parties of record.

**SPECTOR RUBIN, P.A.**

By:  */s/ Andrew Spector*
Andrew R. Spector, Esq. (FBN: 634093)